# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                            Telephone: (212) 317-1200
New York, New York 10165                                           Facsimile: (212) 317-1620

michael@faillacelaw.com

July 15, 2019

**BY ECF**
Honorable Debra C. Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

                 Re:     **Fuentes Tapia et al v. C & V 77 Enterprises, LLC et al;**
                        **Case No. 18-cv-04210**

Your Honor:

This office represents Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties agreed to a negotiated settlement ("Agreement") during a settlement conference with Your Honor. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

## 1. **Background**

Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiffs allege they were employed by Defendants for several years at their restaurant, Green Kitchen. During their employment, Plaintiffs worked significant amounts of overtime. Defendants paid Plaintiffs fixed salaries that failed to appropriately compensate them for their regular or overtime hours.

Defendants categorically deny the allegations in the Complaint.

## 2. **Settlement Terms**

Page 2

Plaintiffs allege they are entitled to back wages of approximately 113,278. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to approximately 285,306, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of 150,000.00. The settlement will be paid in Forty (40) installments. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B"

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. While Defendants have not yet produced employment records, they vehemently deny Plaintiffs' claims regarding their hours worked, and have indicated they are willing to provide witnesses to rebut Plaintiffs.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3.   Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $50,000 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $4,280. A copy of Plaintiff's billing record is attached as "Exhibit C." Mr. Faillace's standard billing rate is $450 an hour. Mr. Barton's standard rate is $375, however, out of deference for Your Honor's past opinions, we have calculated the lodestar using a rate of $250 an hour for Mr. Barton (a brief bio of each attorney follows).[1]

While Plaintiff's counsel is asking for more than their lodestar, the amount provided to Plaintiffs' counsel under the settlement is fair and reasonable. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a

---

[1] This Court has awarded Mr. Barton varying amounts: $375 per hour in cases that went to trial, *See Najera v. 144 Ninth Gotham Pizza, Inc.*, No. 12cv3133 (DLC), 2017 U.S. Dist. LEXIS 26393 (S.D.N.Y. Feb. 24, 2017), *Calle v. NDG Coffee Shop, Inc.*, No. 16-cv-7702 (RJS), 2018 U.S. Dist. LEXIS 62979 (S.D.N.Y. Apr. 12, 2018), and $225 in default judgments. *See Soto v. Los Corbaticas Deli Grocery II Corp.*, No. 18cv3602 (JGK) (JLC), 2018 U.S. Dist. LEXIS 172613, 2018 WL 4844018, at *8 (S.D.N.Y. Oct. 5, 2018); *Godinez v. Best Wingers LLC*, No. 16cv6434 (JGK) (SDA), 2018 U.S. Dist. LEXIS 28934, 2018 WL 1320340, at *6 (S.D.N.Y. Feb. 21, 2018). Thus, we believe $250 is an appropriate rate for Mr. Barton to be billed at here.

Page 3

third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of each attorney who performed billed work in this matter is as follows:

i.      I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983.  From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM).  I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law.  I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

ii.      Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C., He graduated from Fordham Law School in 2012.  Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law.  He joined the firm of Michael Faillace & Associates, P.C in January 2015, and has been recognized as a "Rising Star" by the Super Lawyers organization for 2016, 2017, and 2018.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Michael Faillace
Michael Faillace
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiffs

Enclosures